IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL SAMPSON,

    Plaintiff,

v.                                              Civil Action No. 5:05CV15
                                                                (STAMP)
WTOV, INC.,
d/b/a WTOV-TV and WTOV 9,
and WTOV-TV HOLDINGS, INC.
d/b/a WTOV-TV and WTOV 9,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## RESOLVING CERTAIN MOTIONS IN LIMINE

Pending before this Court are certain motions in limine filed by the parties in connection with the above-styled civil action, which is scheduled for jury selection and trial beginning Tuesday, January 24, 2006.[1]

Defendants' Motion in Limine to Exclude Evidence of Net Worth -- GRANTED.

By this motion, defendants seek an order from this Court precluding the plaintiff from mentioning or referencing directly or indirectly any fact relating to the wealth or net worth of the defendants, WTOV, Inc. and WTOV-TV Holdings, Inc. The defendants argue that the mention of defendants' wealth or net worth is unfairly prejudicial to the defendants and presents a substantial risk of confusion of the issues before the jury pursuant to Federal

---

[1]This memorandum opinion and order confirms the pronounced rulings given to counsel at the pretrial conference conducted with the parties on January 9, 2006.

Rule of Evidence 403. Plaintiff does not respond to defendants' motion in limine to exclude evidence of net worth.

As pronounced by this Court during the pretrial conference held in this action on January 9, 2006, this motion is granted.

<u>Defendants' Motion in Limine to Exclude Golden Rule Argument</u> -- GRANTED.

By this motion, the defendants seek to exclude any argument by the plaintiff, Carl Sampson ("Sampson"), of any statement which urges the jurors to place themselves in the position of the plaintiff for purposes of aggravation, annoyance or inconvenience or to appeal to the juror's sympathy for the plaintiff. The defendants argue that the courts considering this issue have been almost unanimous in their argument that plaintiff's counsel should not urge the jurors to place themselves in the plaintiff's position for purposes of calculating damages. The plaintiff has not responded to defendants' motion in limine.

As pronounced by this Court during the pretrial conference, this Court grants defendants' motion to exclude golden rule argument.

<u>Defendants' Motion in Limine to Exclude Amounts Sued For</u> -- GRANTED in part and DENIED in part, as framed.

The defendants also seek an order prohibiting the plaintiff, his counsel and all of his witnesses from introducing any evidence or making any argument or asking any questions suggesting to the jury a figure or verdict range regarding the value of the

plaintiff's claim. Crum v. Ward, 122 S.E.2d 18 (W. Va. 1961). Defendants request that plaintiff be precluded from suggesting a money value for annoyance and inconvenience because it is not based upon facts and would constitute reversible error.

The question of whether witnesses and counsel may comment on the ad damnum clause or suggest possible verdict ranges is a procedural question governed by federal law. See Davis v. Browning Ferris Indus., Inc., 898 F.2d 836, 837 (1st Cir. 1990). In the Fourth Circuit, the "[d]istrict court . . . may permit counsel to suggest a monetary figure for the award [if, in its discretion, it concludes that the reference would not have prejudicial effect.]" Murphy v. Nat'l R.R. Passenger Corp., 547 F.2d 816, 818 (4th Cir. 1977). After reviewing practices in other federal courts, this Court believes that it may look to West Virginia procedural law for guidance, although it is not bound by state law. This Court is convinced that any per diem argument or modification thereon would have an unduly prejudicial effect and should not be permitted. See Crum v. Ward, 122 S.E.2d 18 (W. Va. 1961).

This Court will, however, permit plaintiff's counsel during closing argument to the jury to state an opinion as to what the amount of the verdict should be, within the limits specified by this order.

If such argument is to be made, ". . . the court [shall] caution the jury [probably in its final instructions] that the dollar figures mentioned by counsel do not constitute evidence but

merely represent argument which the jury may disregard in its deliberation." Murphy, 547 F.2d at 818. This Court will prepare such a limiting or cautionary instruction for use should plaintiff's counsel chose to make such comments in closing argument. Any such comment should be made during the opening part of plaintiff's closing argument. No reference to the ad damnum clause or use of the per diem argument shall be made.

As pronounced by this Court during the pretrial conference, this Court denies in part and grants in part defendants' motion to exclude statements as to amount sued for.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein.

DATED: January 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE